UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-350-RJC
3:12-cr-366-RJC-1

| | |
|---|---|
| **PRESTON RAMON CALDWELL,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Government's Unopposed Motion to Place Motion Under 28 U.S.C. § 2255 in Abeyance, (Doc. No. 3), and a Motion to Withdraw as Attorney, filed by the Federal Public Defender of Western North Carolina, (Doc. No. 4).

The Federal Public Defender filed a Motion to Vacate under 28 U.S.C. § 2255 on June 15, 2016, contending that Petitioner is eligible for relief from his enhanced sentence under United States v. Johnson, 135 S.Ct. 2551 (2015). Specifically, counsel argued that Petitioner's prior convictions for North Carolina robbery and conspiracy to commit robbery with a dangerous weapon do not support an enhanced base offense level pursuant to United States Sentencing Guidelines § 2K2.1. The Court ordered the Government to respond, but instead, it filed an unopposed motion to stay this action pending the United States Supreme Court's decision in Beckles v. United States, Supreme Court No. 15-8455. (Doc. No. 3). On March 6, 2017, the Supreme Court held that the advisory Guidelines are not subject to vagueness challenges. Beckles v. United States, 137 S.Ct. 886 (2017).

1

Having apparently determined that Petitioner's Johnson claim has no merit in light of the holding in Beckles, the Federal Public Defender now seeks to withdraw as counsel so that Petitioner may continue to pursue relief pro se, if he chooses to do so. (Doc. No. 4). The Federal Public Defender's motion to withdraw is granted.

The Court finds it appropriate to advise the now *pro se* Petitioner regarding the consequences of having his § 2255 motion to vacate resolved on the merits. See generally Castro v. United States, 540 U.S. 375 (2003). If the Court decides the § 2255 motion to vacate adversely to him on the merits, any future petition would be considered "second or successive" which would require prior leave from the Fourth Circuit Court of Appeals. See 28 U.S.C. § 2255(h). Petitioner is further advised that, because the Government has not filed a Response to his petition, he has the right to voluntarily dismiss this action without prejudice. See Fed. R. Civ. P. 41. He may voluntarily dismiss this action by filing a Notice of Voluntary Dismissal with the Court under this case number. Doing so would terminate this case without the Court reaching the merits of his § 2255 motion to vacate. See Jackson v. United States, 245 Fed. Appx. 258 (4th Cir. 2007). Petitioner is cautioned that, if he has previously dismissed such a claim, a voluntary dismissal would operate as an adjudication on the merits. He is further cautioned that there is a one-year statute of limitations on the right to bring a motion to vacate. See 28 U.S.C. § 2255(f).

**IT IS THEREFORE ORDERED** that:

1. The Government's Unopposed Motion to Place Motion Under 28 U.S.C. § 2255 in Abeyance, (Doc. No. 3), is **DENIED** as moot.

2. Counsel's Motion to Withdraw as Attorney, (Doc. 4), is **GRANTED**, and the Federal Public Defender of the Western District of North Carolina is relieved from any further representation of Petitioner.

3. Petitioner shall have twenty (20) days from service of this Order in which to file a Notice of Voluntary Dismissal, otherwise, the Court will rule on the § 2255 motion to vacate.

Signed: September 30, 2017

Robert J. Conrad, Jr.
United States District Judge