UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-350-RJC
(3:12-cr-366-RJC-1)

| | |
|---|---|
| PRESTON RAMON CALDWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), in which Petitioner seeks relief pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015).

**I.    BACKGROUND**

Petitioner pled guilty to a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). (Crim. Case No. 3:12-cr-366, Doc. Nos. 1, 7). The presentence investigation report ("PSR") scored the base offense level as 24 because Petitioner had at least two prior felony convictions for a crime of violence, *i.e.*, North Carolina conspiracy to commit robbery with a dangerous weapon (06CRS234549), and common law robbery (05CRS202579). (Id., Doc. No. 13 at ¶ 13); see U.S.S.G. § 2K2.1(a)(2) (2012). No Chapter Four enhancements were added. (Crim. Case No. 3:12-cr-366 Doc. No. 13 at ¶ 19). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 21. (Id., Doc. No. 13 at 20-22). The PSR scored seven criminal history points and a criminal history category of IV. (Id., Doc. No. 13 at 35-36). The resulting guidelines imprisonment range was 57 to 71 months. (Id., Doc. No. 13 at 56).

The Court sentenced Petitioner within the advisory guideline range to 64 months' imprisonment followed by three years of supervised release. (Id., Doc. No. 15). Petitioner did not appeal.

On June 15, 2016, Petitioner filed the instant § 2255 motion to vacate through counsel, arguing that his prior convictions no longer qualify as "crimes of violence" pursuant to Johnson and thus cannot support an enhanced offense level pursuant to Section 2K2.1. (Doc. No. 1). The Court ordered the Government to respond, but instead, it filed an unopposed motion to stay this action pending the United States Supreme Court's decision in Beckles v. United States. On March 6, 2017, the Supreme Court held that the advisory guidelines are not subject to vagueness challenges. Beckles v. United States, 137 S.Ct. 886 (2017). The Federal Public Defender filed a motion to withdraw from this case, which was granted. (Doc. Nos. 4, 5). The Court provided Petitioner the opportunity to voluntarily dismiss his § 2255 motion to vacate in light of Beckles and warned him of the consequences of proceeding with this action. (Doc. No. 5). The time for voluntarily dismissing this action has now expired. (Id.).

**II.     STANDARD OF REVIEW**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds

that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Petitioner argues that the enhanced base offense level pursuant to Guidelines § 2K2.1(a) does not apply to him because his prior North Carolina convictions for common law robbery and conspiracy to commit robbery with a dangerous weapon are not "crimes of violence" in light of Johnson v. United States, 135 S. Ct. 2551 (2015).

Johnson announced that the Armed Career Criminal Act's ("ACCA") residual clause[1] is void for vagueness, and that holding recognizes a retroactively applicable right. See Welch v. United States, 136 S.Ct. 1257, 1265 (2016). However, Johnson addresses only ACCA's residual clause and "does not call into question application of the Act to the four enumerated offense, or to the remainder of the Act's definition of a violent felony." Johnson, 135 S.Ct. at 2563. Nor does Johnson apply to the advisory sentencing guidelines because "the Guidelines are not amenable to a vagueness challenge." Beckles v. United States, 137 S.Ct. 886, 894 (2017).

Johnson is inapplicable to Petitioner's guideline challenge because its void-for-vagueness holding has no effect on the advisory United States Sentencing Guidelines. Petitioner's reliance on Johnson misplaced and § 2255 relief is foreclosed by Beckles.

### IV. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's § 2255 motion to vacate.

**IT IS, THEREFORE, ORDERED** that:

---

[1] ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 26, 2017

Robert J. Conrad, Jr.
United States District Judge